**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DWIGHT L. WHEELER**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-1898-L** |
| | § | |
| **FAITH L. CENIZA,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Dismiss or Motion for Summary Judgment, filed on August 17, 2012. After careful consideration of the motion, response, reply,[1] record, and applicable law, the court **grants in part and denies in part** Defendant's Motion to Dismiss. Specifically, the court lacks subject matter jurisdiction over Plaintiff's claims against Defendant in her official capacity brought under the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments; 28 U.S.C. § 1343(a)(3); 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988; and Plaintiff's common law tort claim. The court also lacks subject matter jurisdiction over Plaintiff's claims brought against Defendant individually under §§ 1981 and 1983; and 28 U.S.C. § 1343(a)(3).

---

[1] Plaintiff filed a surreply on September 20, 2012, without first seeking leave of court. The Local Civil Rules, however, do not permit the filing of surreplies without leave of court. *See* Local Civ. R. 56.7 ("Except for the motions, responses, replies, briefs, and appendixes required by these rules, a party may not, without the permission of the presiding judge, file supplemental pleadings, briefs, authorities, or evidence."). Surreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter. The court has found that surreplies usually are not that helpful in resolving pending matters, and only permits filings beyond Local Civil Rule 7.1 in exceptional or extraordinary circumstances. Accordingly, the court will not consider Plaintiff's surreply.

Accordingly, the court **dismisses these claims without prejudice**.  The court **denies** Defendant's Motion for Summary Judgment because it declines to consider matters outside the pleadings, and the motion is premature at this stage.

## I.      Factual and Procedural Background

On June 19, 2012, Dwight L. Wheeler ("Plaintiff" or "Wheeler")  brought this action against Internal Revenue Service ("IRS") agent Faith L. Ceniza ("Ceniza" or "Defendant"), individually and in her official capacity, alleging "civil rights violations involving but not limited to denial of due process and abuse of process."  Compl. 1.  The Complaint alleges that Defendant acted under color of the law and violated his rights under the Fourth, Fifth, Sixth or Seventh, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.  *Id.* at 2.  Furthermore, the Complaint states that this court has jurisdiction over Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, 1986, and 1988; 28 U.S.C. §§ 1331 and 1343(A)(3)(4); the Fourteenth Amendment; and the Civil Rights Act of 1870.[2]  *Id.* at 2.  In the body of the Complaint, Plaintiff also alleges that the IRS failed to properly train and supervise its employee, with respect to individual rights as protected by the Constitution and is liable for the acts committed by Defendant within the scope of her employment. Plaintiff requests compensatory damages in the amount of $350,000; punitive damages in the amount of $350,000; and court costs and attorneys fees incurred in prosecuting this action pursuant to 42 U.S.C. § 1988.

---

[2] The Complaint states that Plaintiff brings this action pursuant to 28 U.S.C. § 1343(A)(3)(4); however, no such provision exists.  As such, the court construes the Complaint to state this action is brought pursuant to § 1343(a)(3) and § 1343(a)(4).  Furthermore, the court construes Plaintiff's claim brought pursuant to the Civil Rights Act of 1870 as a claim brought under 42 U.S.C. § 1981.

Although the Complaint is sparse in details and difficult to understand, it appears that Plaintiff is complaining about tax collection efforts taken by the IRS to collect his federal tax liabilities. According to the Complaint, on June 4, 2012, Plaintiff transferred funds to discharge a debt owed to the IRS. The next day, Plaintiff received confirmation of receipt of the transfer from the IRS. Plaintiff complains that, to this date, he has "received no valid response regarding this instrument from [the] IRS." *Id.* at 3. This, Plaintiff contends, is in violation of clearly established federal law, the Uniform Commercial Code, and banking laws, as these laws, according to Plaintiff, require the IRS to respond accordingly within specific time frames by either crediting his account properly, or in the case of a financial instrument with defects, noting said defects so that they can be corrected. *Id.* at 3-4.

Defendant moves the court to dismiss this action for lack of subject matter jurisdiction, failure to state a claim for which relief may be granted, and insufficient process or insufficient service of process. To the extent that the court considers matters outside of the pleadings, Defendant moves for summary judgment.

This court will not consider matters outside of the pleadings. Consideration of such matters unnecessarily complicates disposition of the pending motion. Defendant is instructed not to complicate and conflate matters by filing procedurally dispositive motions with those on the merits. Moreover, Defendant is reminded that a party who files a motion for summary judgment at the outset may lose her opportunity to file a second motion for summary judgment, as the Local Civil Rules of this district permit only one summary judgment motion per party unless leave is granted by the court to file a second motion for summary judgment. Local Civ. R. 56.2

II.      **Relevant Legal Standard**s

A.      <u>**Rule 12(b)(1) - Subject Matter Jurisdiction**</u>

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424

(5th Cir. 2001) (citation omitted).  Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state

a claim, the district court is entitled to consider disputed facts as well as undisputed facts in the

record and make findings of fact related to the jurisdictional issue.  *Clark v. Tarrant Cnty.*, 798 F.2d

736, 741 (5th Cir. 1986).  All factual allegations of the complaint, however, must be accepted as true.

*Den Norske Stats Oljeselskap As*, 241 F.3d at 424.

### B.      Rule 12(b)(4) - Insufficient Process

"An objection under Rule 12(b)(4) concerns the form of the process rather than the manner

or method of its service."  5B Charles Alan Wright and Arthur R. Miller, Federal Practice and

Procedure § 1353 (3d ed. 2004).  Thus, "a Rule 12(b)(4) motion is proper only to challenge

noncompliance with the provisions of rule 4(b) or any other applicable provision incorporated by

Rule 4(b) that deals specifically when the content of the summons."  *Id.*  Although Defendant seeks

dismissal pursuant to Rule 12(b)(4), the court does not believe this rule is applicable in light of the

facts presented by Defendant.  Accordingly the court will address the issues regarding service

pursuant to Rule 12(b)(5).

### C.      Rule 12(b)(5) - Insufficient Service of Process

A motion under Rule 12(b)(5) is the proper way to challenge "the mode of delivery or the

lack of delivery of the summons and complaint."  5B Wright & Miller, Federal Practice and

Procedure § 1353 (footnote omitted).  A motion under this rule is also "the proper challenge when

the wrong party is served with an otherwise proper [s]ummons and [c]omplaint."  *Colony Ins. Co.

v. Ropers of Hattiesburg, LLC*, No. 211cv3KS-MTO, 2011 WL 1226095, at *2 (S.D. Miss. Mar. 29,

2011).  A court is authorized to dismiss a civil action for insufficiency of service of process.  Fed.

R. Civ. P. 12(b)(5); *see also Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir.

1994) ("A district court . . . has broad discretion to dismiss an action for ineffective service of process."). Absent proper service of process, the court cannot exercise personal jurisdiction over a party named as a defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Carimi v. Royal Carribean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir. 1996).

### D.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer

more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355

F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

## III.    Analysis

### A.    Defendant's Motion to Dismiss Under 12(b)(1)

#### 1.    Jurisdiction Under the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth and Fourteenth Amendments

##### a.    *Wheeler's Claims Against Ceniza in Her Official Capacity*

Defendant contends that Plaintiff cannot maintain a cause of action against the United States or its employees sued in their official capacity for constitutional torts because the United States has not waived its sovereign immunity for constitutional torts. The court agrees.

It is well established that "[a] federal court has no subject matter jurisdiction over claims against the United States unless the government waives its sovereign immunity and consents to suit." *Danos v. Jones*, 652 F.3d 577, 581 (5th Cir. 2011). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990). The United States has not waived its sovereign immunity for constitutional torts. *See Interfirst Bank Dallas, N.A. v. United States*, 769 F.2d 299, 309 (5th Cir. 1985) ("The Constitution does not waive the Government's sovereign immunity in a suit for damages. . . . Suits for damages against the United States based on the Constitution are not contemplated by *Bivens* and its progeny.")

(citations and internal quotation marks omitted); *see also id.* (citing cases in agreement). Plaintiff's action against Ceniza in her official capacity for violations of his Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Amendment rights, is a suit against the United States. *Waddell v. Mueller*, 35 F.3d 559, at *1 (5th Cir. 1994) (per curiam) (citing *Drake v. Panama Canal Comm'n*, 907 F.2d 532, 534 (5th Cir. 1990)). Because the United States has not waived its sovereign immunity for constitutional torts, the court lacks subject matter jurisdiction over these claims.

Moreover, the court additionally concludes that Plaintiff cannot sue Ceniza in her official capacity under the Fourteenth Amendment because the Fourteenth Amendment applies only to action taken by the *state* not the *federal* government. *See* U.S. Const. amend. XIV, § 1; *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954). Therefore, any claims Plaintiff asserts against Ceniza in her official capacity (as well as in her individual capacity) pursuant to the Fourteenth Amendment fail as a matter of law, and the court does not have subject matter jurisdiction as to these claims.

In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the Supreme Court implied a cause of action for damages for violations of the Fourth Amendment committed by federal officers acting under color of their authority. 403 U.S. 388, 397 (1971). Courts have since expanded the *Bivens* remedy to encompass violations of other constitutional provisions, including the Due Process Clause of the Fifth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment. *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988). More recent opinions from the Supreme Court, however, have cautioned federal courts about extending *Bivens* remedies into new contexts. *Id.* To the extent Plaintiff asserts a *Bivens* action against Ceniza in her official capacity, *Bivens* authorizes suits only against individual federal officers, not against the United States. *See Williamson v. United States Dep't of Agriculture*, 815 F.2d 368, 380 (1987) (noting that a *Bivens*

action only applies against federal officers "in their individual capacities. . . . [while t]he United States and its officers in pursuit of their official duties remain protected by sovereign immunity.") (citations omitted).  Therefore, to the extent Plaintiff seeks to assert a *Bivens* action against the United States, the court determines it also lacks subject matter jurisdiction over such claims.

> b.     *Wheeler's Claims Against Ceniza Individually*

To the extent that Plaintiff brings a claim against Defendant individually under the Fourteenth Amendment, the court determines it does not have jurisdiction.  The court lacks subject matter jurisdiction over Plaintiff's claims against Ceniza in her individual capacity under the Fourteenth Amendment because "the Fourteenth Amendment protects liberty and property interest only against invasion by the *state*."  *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999) (emphasis added).  Here, Plaintiff seeks to sue a federal officer acting under color of federal law. Even if Plaintiff seeks to sue Defendant as a private individual, he cannot do this under the Fourteenth Amendment, as the "Fourteenth Amendment itself 'erects no shield against merely private conduct, however discriminatory or wrongful.'"  *District of Columbia v. Carter*, 409 U.S. 418, 423-24 (1973) (citations and footnote omitted).  Thus, Plaintiff's claim against Ceniza individually under the Fourteenth Amendment is dismissed for lack of subject matter jurisdiction.

The court again notes that Plaintiff may maintain a *Bivens* action against officers acting under color of federal law for violations of the Constitution, and the court liberally construes his Complaint to assert such a claim.  *See Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005) ("[W]e do not distinguish here between *Bivens* claims and § 1983 claims.").   Under *Bivens*, "in appropriate situations federal courts may fashion a damages remedy for violation of constitutional rights by government agents.  The Supreme Court has expressly cautioned, however, that such a remedy will

not be available when special factors counseling hesitation are present." *Baddour, Inc. v. United States*, 802 F.2d 801, 806 (5th Cir. 1986) (citations and internal quotation marks omitted).  The court, nonetheless, determines that it has subject matter jurisdiction to determine whether Plaintiff asserts a valid claim under *Bivens* against Ceniza in her individual capacity but determines that Plaintiff's Complaint with respect to any *Bivens* claims is deficient as pled.  Plaintiff's Complaint provides only conclusory and speculative allegations that Ceniza has violated his Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Amendment rights, without any factual matter to support the claim and with no mention of a specific violation by Ceniza.  The court has serious concerns regarding the viability of a *Bivens* claim, but will allow Plaintiff to amend the Complaint with respect to this claim.[3]

> 2.    Jurisdiction Under §§ 1981. 1983, 1985, 1986, and 1988

> > a.    *Wheeler's Claims Against Ceniza in Her Official Capacity*

Plaintiff also purports to bring this action pursuant to §§ 1981, 1983, 1985, 1986, and 1988. The court determines that it does not have subject matter jurisdiction over Plaintiff's §§ 1981, 1983, 1985, 1986, and 1988 claims against Ceniza in her official capacity.  This is because it "has long [been] recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity." *Affiliated Professional Home Health Care Agency v. Shalala*, 164

---

[3] The court notes that although the Fifth Circuit has not squarely decided this issue, other federal courts have rejected the concept of a *Bivens* remedy against IRS officials in the tax collection context because of the complex remedial scheme that Congress has created relating to taxation.  *See, e.g.*, *Rasheed v. Internal Revenue Service*, No. 508CV192, 2009 WL 2366173, at *6 (E.D. Tex. May 7, 2009) (discussing cases).  Unlike those cases, however, Plaintiff here does not allege that IRS officials conducted a retaliatory tax audit, or assert a wrongful collection claim, for which there is an effective alternative remedy.  Because the Fifth Circuit has suggested that "abuse in tax collection might lay the foundation for a *Bivens* action," the court allows Plaintiff to replead his claims so that the court may properly determine whether he states a claim under *Bivens*.  *Rutherford v. United States*, 702 F.2d 580, 585 (5th Cir. 1983) (citations omitted).

F.3d 282, 286 (5th Cir. 1999) (citation omitted).  Absent waiver of sovereign immunity, a federal

court has no subject matter jurisdiction over claims against the United States.  *Danos*, 652 F.3d at

581.  Therefore, Plaintiff's claims against Ceniza in her official capacity under §§ 1981, 1983, 1985,

1986, and 1988 are dismissed for lack of subject matter jurisdiction.

b.      *Wheeler's Claims Against Ceniza Individually*

The court also concludes that it lacks subject matter jurisdiction over Plaintiff's claims

against Ceniza individually under §§ 1981 and 1983.  Section 1981 addresses "racial discrimination

in the making and enforcement of contracts."  *Adams v. McDougal*, 695 F.2d 104, 108 (5th Cir.

1983) (citation omitted).  The rights protected under § 1981 "are protected against impairment by

nongovernmental discrimination and impairment under color of State law." § 1981(c).  Aside from

the fact that Plaintiff does not allege a contractual relationship between him and Ceniza, or

discrimination based on race, Ceniza, as a federal employee, is not a state actor, and, as such, any

alleged deprivation was not under color of state law but rather federal law.

Section 1983 also applies only to state actors.  Even if Plaintiff seeks to sue Ceniza as a

private actor, the challenged conduct nonetheless must be "fairly attributable to the State." *Bass*, 180

F.3d at 241 (citation and internal quotation marks omitted).  The acts of which Plaintiff complains

arise from Ceniza's actions as a federal official, not as a state official.

Given that §§ 1981 and 1983 apply to state actors only, no amount of artful or creative

pleading will allow Plaintiff to state a claim upon which relief may be granted against Ceniza.  As

he fails to state a claim upon which relief may be granted as to these two statutes, the court lacks

subject matter jurisdiction over these claims.  *See Herwald v. Shchweiker*, 658 F.2d 359, 363 n.6 (5th

Cir. 1981) ("Unlike the result in some situations, a failure to state a cause of action under 42 U.S.C.

§§ 1981, 1983, or 1985 has the effect of depriving federal courts of subject matter jurisdiction under 28 U.S.C. § 1343(3).") (citations and internal quotation marks omitted). This does not preclude Plaintiff from asserting a *Bivens* claim against Ceniza in her individual capacity for violations under color of federal law.

The court, however, determines that it does have jurisdiction over Plaintiff's §§ 1985, 1986, 1988 claims, despite the deficiencies in Plaintiff's Complaint because Plaintiff might be able to set forth sufficient allegations to state a claim upon which relief may be granted. Section 1985, which prohibits three types of conspiracy to interfere with civil rights, has three parts. Unlike §§ 1981 and 1983, the scope of § 1985 is broader and "can provide a cause of action against purely private conspiracies." *Wong v. Stripling*, 881 F.2d 200, 203 (5th Cir. 1989). In other words, "[s]tate action is not an essential element" for all conspiracies under § 1985. *Id.*; *see also Govea v. ATF*, 207 F. App'x 369, 373 (5th Cir. 2006) (per curiam) (stating that Plaintiff's claims brought under § 1985 did not require state action). Plaintiff does not identify the subsection under which he seeks to sue, and the court therefore addresses all three.

"Section 1985(1) prohibits conspiracies 'to prevent, by force, intimidation, or threat,' a federal officer from discharging his duties or to injure him because of his lawful discharge of his duties." *Bryant v. Military Dep't of Mississippi*, 597 F.3d 678, 687 (5th Cir. 2010) (citing 42 U.S.C. § 1985(1)). The court notes that Plaintiff has not alleged that he is a federal officer or has been impeded in any way from assuming office under the United States. Section 1985(2) "prohibits conspiracies to deter witnesses from attending court or testifying, punish witnesses who have so attended or testified, or injure jurors." *Id.* at 687 n.6. Plaintiff has not alleged any facts regarding the threat or intimidation of a party, witness, or juror, in a court proceeding. Finally, § 1985(3)

"prohibits conspiracies to 'deprive . . . any person or class of persons the equal protection of the laws' and those aimed at preventing a person from lawfully voting." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing 42 U.S.C. § 1985(3)). "To state a cognizable claim under§ 1985(3), [a plaintiff] must allege that (1) a racial or class-based discriminatory animus lay behind the conspiracy and (2) the conspiracy aimed to violate rights protected against private infringement." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001) (citations and footnote omitted). Plaintiff has not set forth any factual allegations of a conspiracy based on race or otherwise class-based invidiously discriminatory animus, or one based on a conspiracy to prevent him from voting.

The court also determines that dismissal of Plaintiff's § 1986 and § 1988 claims for lack of subject matter jurisdiction at this juncture is premature. In order to a maintain an action under § 1986, a plaintiff must have a valid § 1985 claim. 42 U.S.C. § 1985(3); *Lockett v. New Orleans City*, 607 F.3d 992, 1002 (5th Cir.), *cert. denied*,     U.S.     , 131 S. Ct. 507 (2010). Thus, liability under § 1986 is derivative of liability under § 1985. Moreover, § 1988 provides that a plaintiff may recover reasonable attorney's fees for proceedings brought under §§ 1981, 1981a, 1982, 1983, 1985, and 1986; and reasonable expert fees in § 1981 or § 1981a proceedings. 42 U.S.C. § 1988(b), (c). Because there is nothing to suggest that Plaintiff cannot maintain a § 1985 claim against Ceniza in her individual capacity as a matter of law, the court will decline to dismiss Plaintiff's § 1986 claim as well as his § 1988 claim at this stage.

Thus, the court determines that although it has jurisdiction over Plaintiff's §§ 1985, 1986 and 1988 claims, these claims are factually and legally deficient as pled. The court, however, will allow Plaintiff to amend his Complaint as to these claims.

3. Jurisdiction Under §§ 1343 and 1331

Plaintiff additionally seeks to bring this suit under 28 U.S.C. § 1331, § 1343(a)(3) and (4). Section 1331 is the general federal question statute, which grants the court original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. While the court agrees it has federal question jurisdiction over Plaintiff's *Bivens*, §§ 1985, 1986, and 1988 claims against Defendant individually, and, as such, jurisdiction under § 1343(4), which provides that federal district courts have jurisdiction to entertain actions commenced to recover damages or equitable relief under federal civil rights laws, it disagrees that it has jurisdiction over this action under § 1343(a)(3). Section 1343(a)(3) provides that the federal district courts shall have jurisdiction over civil actions commenced by any person to redress constitutional deprivations "under color of any *State* law." 28 U.S.C. § 1343(a)(3) (emphasis added). Here, Plaintiff seeks to sue a federal officer acting under color of federal law not state law. Thus, the court concludes that it does not have jurisdiction over this action under § 1343(a)(3).

4. Jurisdiction over Wheeler's Common Law Tort Claims Against the United States

a. *Wheeler's Claims Against Ceniza in Her Official Capacity*

To the extent that Plaintiff asserts common law tort claims against the United States, the court determines that it lacks jurisdiction over those claims. The Federal Torts Claims Act ("FTCA") serves as a limited waiver of sovereign immunity and permits private parties to sue the federal government for acts that would be a tort in the state where the conduct occurred. 28 U.S.C. § 1346(b). Although Plaintiff does not explicitly invoke the FTCA in the Complaint, to the extent Plaintiff seeks to advance a tort claim under the FTCA against the United States, the court

**Memorandum Opinion and Order - Page 15**

determines it lacks subject matter jurisdiction to consider such a claim.  This is because, "[b]y its very terms, the FTCA excludes 'any claim in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law-enforcement officer.'"  *Moorer v. United States Dep't of Treasury*, No. CA3:95-CV-1128-BC, 1997 WL 10013, at *5 (N.D. Tex. Jan., 3, 1997) (citing 28 U.S.C. § 2680(c)).  This exemption "specifically applies to *all* tax-related claims."  *Interfirst Bank*, 769 F.2d at 307. Therefore,  Plaintiff's tax-related claims against the United States are barred under the FTCA.

To the extent Plaintiff seeks to sue the United States for common law tort outside of the FTCA, the court determines that it also lacks subject matter jurisdiction to consider such a claim, as the FTCA is the exclusive remedy for tort claims resulting from the act or omission of the act of a government employee acting within the scope of his or her employment.  28 U.S.C. § 2629. Because the federal government has not otherwise waived its sovereign immunity for common law tort outside of the FTCA, the court lacks subject matter jurisdiction over Plaintiff's claims against the United States in common law tort.  *See Moorer*, 1997 WL 10013, at *5 ("The United States government has waived sovereign immunity for tort actions only to the extent set forth in the FTCA.") (citing *Perkins v. United States*, 55 F.3d 910, 913 (4th Cir. 1995)).

b.     *Wheeler's Claims Against Ceniza Individually*

Reading Plaintiff's Complaint liberally, the court determines that he does not assert any common law claims against Ceniza in her individual capacity.  Accordingly, the court does not address whether it would have subject matter jurisdiction over such claims, as nothing is before the court regarding Ceniza's individual capacity.

### B.      Defendant's Motion to Dismiss Under 12(b)(5)

Defendant argues that Plaintiff failed to properly serve her and the United States Attorney for the Northern District of Texas, and as a result, the action should be dismissed or Plaintiff should be ordered to properly serve the Defendants within a specific time.  The court agrees that service of process has not been effected against Ceniza and the United States Attorney for the Northern District of Texas.  The court additionally notes that Plaintiff also failed to mail by registered or certified mail, a copy of the summons and complaint to the Attorney General of the United States.  The court, however, declines to dismiss this action without first ordering Plaintiff to effect service.

In light of the court's holding that it lacks subject matter jurisdiction over Plaintiff's claims against Ceniza in her official capacity, Plaintiff is only required to effect service pursuant to Federal Rule of Civil Procedure 4(i)(3).  Rule 4(i)(3) governs service of process for officers or employees sued individually.  Like Rule 4(i)(2), which governs service of process for officers or employees sued in their official capacity, a party must serve the United States.  Fed. R. Civ. P. 4(i)(3).  In order to serve the United States, a party must: (1) deliver a copy of the summons and complaint to the United States Attorney for the district in which the action is brought, or to an assistant United States Attorney, or clerical employee whom the United States Attorney designates in a writing filed with the court clerk, or send a copy of the same by registered or certified mail to the civil process clerk at the United States attorney's office; and (2) send a copy of the same by registered or certified mail to the Attorney General of the United States.  Fed. R. Civ. P. 4(i)(1)(A), (B).

Here, neither the United States Attorney for the District of Texas nor the Attorney General of the United States has been served in this suit.  Therefore, the United States has not been served as required by Rule 4(i)(3) when a federal officer is sued individually.  Accordingly, the court

determines service of process was insufficient.  The court therefore **orders** Plaintiff to serve the United States Attorney for the Northern District of Texas and the Attorney General of the United States in accordance with the procedures set out in Rule 4(i) of the Federal Rules of Civil Procedure. *See* Fed. R. Civil P. 4(i)(4)(b) ("The court must allow a party a reasonable time to cure its failure to: serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.").

Rule 4(i)(3) also requires a party to "serve the officer or employee under Rule 4(e), (f), or (g)."  *Id.*  The Federal Rules of Civil Procedure provide that a plaintiff seeking to serve process in a federal action may follow "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1).  While Texas law permits service to be effected through certified mail, *see* Tex. R. Civ. P. 106(a)(2), service cannot be effected by a person who is a party to the suit.  Tex. R. Civ. P. 103 ("[N]o person who is a party or interested in the outcome of a suit may serve process in that suit."); *see also* Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and a complaint.").

The court determines that Ceniza has not been properly served in this action.  The record reflects that Plaintiff himself mailed a copy of the summons and complaint to Ceniza via United States Postal Service Express Mail.  Because a party to a suit may not serve process upon a defendant in that same suit, the court concludes that service as to Defendant Ceniza was invalid.  The court therefore **quashes** any purported service on Ceniza and **directs** Plaintiff to serve Ceniza, in accordance with the standards herein set forth and Federal Rule of Civil Procedure 4.

Because the court determines that the procedural requirement of service of summons have not been satisfied, it concludes that Ceniza is not properly before the court as a party. Until she is properly served, the court declines to address any further the merits of Plaintiff's claims.

## IV.    Conclusion

For the reasons herein stated, the court **grants in part and denies in part** Defendant's Motion to Dismiss. Specifically, the court lacks subject matter jurisdiction over Plaintiff's claims against Defendant in her official capacity brought under the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Fourteenth Amendments; 28 U.S.C. § 1343(a)(3); 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988; and Plaintiff's common law tort claim. The court also lacks subject matter jurisdiction over Plaintiff's claims brought against Defendant individually under §§ 1981 and 1983; and 28 U.S.C. § 1343(a)(3). Accordingly, the court **dismisses these claims without prejudice**. With respect to Plaintiff's claims against Ceniza individually under *Bivens,* and 42 U.S.C. §§ 1985, 1986 and 1988, Plaintiff has to replead these claims in accordance with the standards set out in this memorandum opinion and order. Plaintiff must amend his pleadings **by April 1, 2013**. Further, for the reasons herein stated, the court **quashes** any purported service on Defendant Faith L Ceniza, and **orders** Plaintiff to effect service as herein directed on Faith L. Ceniza, the United States Attorney for the Northern District of Texas, and the Attorney General of the United States, **by April 19, 2013.** The court **denies** Defendant's Motion for Summary Judgment because it declines to consider matters outside the pleadings, and the motion is premature at this stage.

*This case is a procedural morass and has unnecessarily consumed scarce judicial resources. Both parties are responsible for the morass that exists in this action. Plaintiff has filed a pleading*

**Memorandum Opinion and Order - Page 19**

*that is vague and indecipherable at times, and he uses language that is extremely bare on facts and long on conclusory allegations.  He must replead the allegations of those claims not dismissed with the required specificity in accordance with the standards and applicable law as set forth in this opinion.  The court gives Plaintiff this leeway because he is pro se.  Plaintiff has now been placed on notice of the deficiencies in his Complaint and what is required as to pleading each claim. Accordingly, if he fails to plead as required, Defendant is entitled to a dismissal of the claims under 12(b)(6).*

*On the other hand, the shotgun approach taken by Defendant is highly discouraged.  Motions for lack of subject matter jurisdiction and those dealing with procedural defects should be decided first and not conflated with dispositive motions under Rules 12(b)(6) and 56.  The lay of the land should first be determined because conflating the procedural posture of the case with dispositive motions on the merits, in most instances, unnecessarily results in a legal briar patch that the court has to untangle. Defendant knows, or should know, that the court is required to allow an amendment of pleadings in conjunction with a Rule 12(b)(6) motion at this stage of litigation unless amendment would be futile.  Moreover, a motion under Rule 56 at the outset is rarely appropriate and should not be used routinely.  Further, it appears that the government has a "form" brief, or large portions of one, that relies on cases from other circuits and district courts that are not binding on this court. The government is instructed to rely on and cite cases from the Fifth Circuit or Supreme Court, unless such authority is unavailable, and to not use "form" briefs in this court.*

**It is so ordered** this 15th day of March, 2013.


Sam A. Lindsay
United States District Judge